UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SILVIA C. CUELLAR SANTIN,

    Plaintiff,

v.                                                      Case No: 5:15-cv-392-Oc-18PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED**.

**I.    BACKGROUND**

On April 27, 2012, Plaintiff filed an application for DIB benefits, alleging disability beginning June 24, 2011. (Tr. 157-60). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on October 24, 2013, where both the Plaintiff and an impartial vocational expert testified. (Tr. 30-52). On January 13, 2014, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 16-23). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-4), and Plaintiff initiated this action on April 13, 2013. (Doc. 1). Plaintiff has exhausted his

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease of the cervical spine and degenerative disc disease of the lumbar spine. (Tr. 18).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. 20). The ALJ found that Plaintiff's capacity for light work is limited by her inability to engage in more than occasional climbing of ramps, stairs, ladders and scaffolds and by her inability to engage in climbing ropes. The claimant's capacity for light work is also limited by her inability to engage in more than occasional balancing, stooping, crawling, crouching, kneeling, handling, fingering and feelings. She should not work near unprotected heights and dangerous machinery.

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as information clerk, usher and telephone survey worker. (Tr. 22-23). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform in light of her limitations. Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.  *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   This is clearly a deferential standard.

**III.    DISCUSSION**

Plaintiff raises one very narrow argument on appeal[2] – that the ALJ erred by not mentioning or applying Social Security Ruling (SSR) 12-2p, which provides guidance on how to develop evidence to establish that a person has fibromyalgia, and how the Commissioner evaluates fibromyalgia in disability claims. Without developing the argument, Plaintiff simply quotes excerpts of SSR 12-2p and then cites to medical records from visits with Dr. Bookbinder, Dr. Ley, and Dr. Kim to show that she has fibromyalgia, but without explaining how that evidence meets the standards set forth in SSR 12-2p. (Doc. 18 at 4).

As an initial matter, at step two, the ALJ actually considered Plaintiff's diagnosis of a diffuse pain syndrome – a category into which fibromyalgia fits – and concluded that it was not severe. (Tr. 19). *See e.g., Vanderplas v. Apfel*, No. 00-134-P-C, 2007 WL 1781748 at *4 (D. Me. Dec. 4, 2000) (noting that medical expert who testified at hearing stated that fibromyalgia was a "diffuse pain syndrome"); *see also*, SSR 12-2p (describing fibromyalgia as "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months."). While the record supports a diagnosis of fibromyalgia (Tr. 483, 554, 560, 573, 587), the mere diagnosis does not establish functional limitations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005) ("the mere

---

[2] While Plaintiff mentions in her memorandum that she has limited English skills, she does not develop any argument. (Doc. 18 at 3-4). Thus, this issue and any other issue not raised before this court with respect to the ALJ's findings and ultimate determination have been waived. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (noting claimant waived arguments by not expressly challenging ALJ's findings); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006 (claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim; *see also, Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

existence of these impairments does not reveal the extent to which they limit her ability to work."). Plaintiff does not challenge the ALJ's step two finding.[3]

Moreover, the medical evidence does not establish that Plaintiff has fibromyalgia as it is defined in SSR 12-2p. Pursuant to the ruling, to establish a medically determinable impairment of fibromyalgia, a claimant must show that she has a diagnosis of fibromyalgia from a licensed physician and provide evidence that she meets the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia or the 2010 ACR Preliminary Diagnostic Criteria, and the physician's diagnosis must not be inconsistent with the other evidence in the person's case record. *See* SSR 12-2p(II).

SSR 12-2p(II)(A) sets out the 1990 ACR Criteria for the Classification of Fibromyalgia, which include: (1) a history of widespread pain in all quadrants of the body; (2) at least 11 positive tender points on physical examination, must be found bilaterally and both above and below the waist; and (3) evidence that other disorders that could cause the symptoms or signs were excluded. It also sets out the 2010 ACR Preliminary Diagnostic Criteria, which is similar to the 1990 ACR Criteria except that instead of proof of 11 positive tender points, the claimant must show "repeated manifestations of six or more FM symptoms, signs, or co-occurring conditions" such as fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome. SSR 12-2p(II)(B).

Contrary to Plaintiff's contention, the medical records from visits with Dr. Bookbinder, Dr. Ley and Dr. Kim do not show that she has fibromyalgia as defined by SSR 12-2p. While Dr. Ley

---

[3] Other than challenging the ALJ's failure to apply SSR 12-2p, Plaintiff's memorandum does not challenge the ALJ's findings in the RFC or within any steps of the sequential evaluation process. Accordingly, any additional arguments or claims have been abandoned. *See Access Now, Inc. v. Southwest Airlines Company*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

noted that Plaintiff had positive trigger points (Tr. 554, 559, 563, 587), she never specified how many. Moreover, neither Dr. Ley nor any other doctor ever found that Plaintiff had the requisite number of positive tender points – i.e., at least 11 out of 18 possible tender point sites.

In addition, the evidence shows that other disorders that could cause Plaintiff's symptoms were not excluded. On May 21, 2012, Dr. Bookbinder noted that based on Plaintiff's diffuse pain "Fibromyalgia certainly comes to mind," but then diagnosed Plaintiff with "other congenital anomalies of spine" and "pain in joint involving multiple sites," and not fibromyalgia. (Tr. 443-44). Likewise, while Dr. Ley noted positive trigger points, her treatment records do not confirm a fibromyalgia diagnosis, nor do they exclude other disorders. On November 20, 2012, Dr. Ley noted positive trigger points but diagnosed Plaintiff with generalized pain with a history of fibromyalgia. (Tr. 554). On January 15, 2013, Dr. Ley diagnosed Plaintiff with "low back pain with radicular symptoms . . . element of fibromyalgia," but noted that Plaintiff reported a previous CT scan showed lumbar disc disease and that her neck pain was related to nerve problems. (Tr. 557, 559-60). On February 26, 2013, Dr. Ley found "positive trigger points" but diagnosed Plaintiff with neuropathy and not fibromyalgia. (Tr. 563). On March 21, 2013, Dr. Ley diagnosed insomnia/fibromyalgia suggesting that it could be either condition or both. (Tr. 573). Then on August 14, 2013, Dr. Ley again noted positive trigger points and stated that she suspected fibromyalgia or chronic pain syndrome; however, she diagnosed Plaintiff with osteoarthrosis, generalized, site unspecified. (Tr. 587).

Moreover, the record shows that Plaintiff had a herniated disk-nerve impingement of the cervical spine and lumbar spine radiating to her arms and legs (Tr. 326, 402, 557, 632, 634-35), carpal tunnel of the bilateral wrists (Tr. 402, 426), diverticulitis (Tr. 452), and lupus (Tr. 426, 632, 739). These impairments were not excluded as the cause of Plaintiff's symptoms.

Accordingly, the medical evidence does not establish that Plaintiff has fibromyalgia as it is defined in the Commissioner's ruling. Thus, any error by the ALJ in failing to discuss Plaintiff's fibromyalgia in terms of SSR 12-29 was harmless. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (supporting proposition that even if a court finds an ALJ did not comply with an SSR, remand is not necessary unless claimant was prejudiced due to noncompliance).

**IV.   RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on August 12, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties